# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6884 | **DATE** | 4/12/2012 |
| **CASE TITLE** | Solis vs. Caro et al | | |

**DOCKET ENTRY TEXT**

Defendant Caro's motion to dismiss for lack of subject matter jurisdiction and improper venue [17] is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is pro se Defendant Nicholas C. Caro's ("Caro") motion to dismiss for lack of subject matter jurisdiction and improper venue. For the reasons set forth below, the Court denies Caro's motion in its entirety.

## BACKGROUND

On September 30, 2011, Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor, (the "Secretary") filed a Complaint against Caro, N.C. Caro M.D., S.C. (the "Practice"), and the N.C. Caro M.D., S.C. Defined Benefit Plan (the "Plan"), alleging claims for breach of fiduciary under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.* (R. 1, Compl.) The Secretary's Complaint seeks injunctive relief to redress violations, restitution from the Plan's fiduciaries, including Caro, and other equitable relief. (*Id.*, Prayer for Relief.)

The Secretary alleges the following facts. The Plan is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3). (*Id.* ¶ 3.) The Practice, an Illinois corporation, created the Plan on January 1, 1999, and amended and restated it on May 29, 2007, retroactively effective as of January 1, 2007, to provide pension, disability, and death benefits to eligible employees. (*Id.* ¶¶ 3, 11.) At all relevant times, the Practice was the Plan's sponsor, the Plan's administrator, and a fiduciary of the Plan. (*Id.* ¶ 5.) Caro was the president and sole owner of the Practice, the Plan's sole trustee, a fiduciary of the plan, and a party-in-interest to the Plan. (*Id.* ¶ 6) Caro's wife, Patricia Caro, who is not a party to this litigation, was a party-in-interest to the Plan during the relevant time period. (*Id.* ¶ 9.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Between April 27, 2006 and February 29, 2008, Caro liquidated more than $263,951.00 from the Plan's investment accounts and transferred it to accounts held in his own name, in his former medical practice's name, and in his wife's company's name. (Compl. ¶¶ 13-18.) Instead of using the money to provide benefits to the Plan's participants or to pay Plan expenses, Caro used it to pay for the Practice's operating expenses and legal fees, among other things. (*Id.* ¶¶ 15-20.) The Secretary avers that in doing so, Caro breached his fiduciary duty.

On July 15, 2011, Caro filed for chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Illinois in Case Number 11-29162. (*Id.* ¶ 8.) On October 13, 2011, the Secretary filed an adversary complaint against Caro in that court, seeking to have Caro's debt to the Plan deemed non-dischargeable. *See Solis v. Caro*, Adv. No. 11-02088 (Bankr. N.D. Ill.) at R. 1.

## LEGAL STANDARD

In light of Caro's status as a pro se party, the Court liberally construes his motion. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). Caro argues that the Court should dismiss this action because it is a "core proceeding" over which the Court lacks subject matter jurisdiction and because venue is improper. Caro also moves to enjoin the case as barred by the automatic stay and discharge injunction in his bankruptcy proceeding.

Federal Rule of Civil Procedure ("Rule") 12(b)(1) provides that a party may move to dismiss an action when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008) (citation and quotation marks omitted). As such, "[e]nsuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit." *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005). The proponent of federal jurisdiction bears the burden of establishing subject matter jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) ("[The] party that chooses federal court [must] set out the basis of federal jurisdiction and prove any contested factual allegation."); *see also Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009) ("The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction.").

Rule 12(b)(3) provides that a party may move to dismiss an action when it is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). If venue is improper, the court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## ANALYSIS

### I. The Court Has Subject Matter Jurisdiction and Venue In This Court Is Proper

The Secretary asserts, and the Court agrees, that the Court has subject matter jurisdiction over this proceeding pursuant to ERISA § 502(e)(1), which provides that district courts have exclusive jurisdiction of civil ERISA actions brought by the Secretary. *See* 29 U.S.C. § 1132(e)(1). Caro does not dispute this assertion, but instead argues that, pursuant to 28 U.S.C. § 157(b)(2), the Secretary's cause of action against him is a "core proceeding" over which he contends the bankruptcy court has exclusive jurisdiction.

Core proceedings are those that arise in a bankruptcy case or under title 11. *See* 28 U.S.C. § 157(b)(1); *In re Ortiz*, 665 F.3d 906, 911 (7th Cir. 2011) (citing *Stern v. Marshall*, 131 S. Ct. 2594, 2605, 180 L. Ed. 2d 475 (2011)). The Seventh Circuit teaches that "[c]ore proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law." *In re Matter of*

*U.S. Brass Corp.*, 110 F.3d 1261, 1261 (7th Cir. 1997); *see also Diamond Mortg. Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990) (a "proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case") (quoting *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990)); *Freecrest Inv., LLC v. Privatebank & Trust Co.*, No. 10 C 8235, 2011 WL 3100882, at *2 (N.D. Ill. Jul. 15, 2011) (same). In contrast, a non-core proceeding is one that "does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy." *Freecrest Inv.*, 2011 WL 3100822, at *2 (quoting *Barnett*, 909 F.2d at 981).

The Secretary's Complaint is not a "core" proceeding, as it does not invoke a substantive right provided by title 11, and it is not a proceeding that could arise only in the context of a bankruptcy case. *See id.*; *Diamond Mortg.*, 913 F.2d at 1239. Rather, it invokes a substantive right provided by ERISA. *See In re Trans-Indus., Inc.*, 419 B.R. 21, 30 (Bankr. E.D. Mich. 2009) (action brought by bankruptcy trustee against plan trustees for breach of fiduciary duty under ERISA was not a core proceeding under Section 157). *Cf. In re United Air Lines, Inc.*, 337 B.R. 904, 909-10 (N.D. Ill. 2006) (proceeding to terminate plan pursuant to Title IV of ERISA is not a core proceeding).[1]

Venue in this Court is proper pursuant to § 502(e)(2) of ERISA, which provides that an action under ERISA may be brought in a United States district court where the plan at issue is administered. *See* 29 U.S.C. § 1132(e)(2). Defendant does not dispute that the Plan is administered in Chicago, Illinois, which is within the Northern District of Illinois.

### III. This Action Is Exempt From The Automatic Stay

Upon the filing of a bankruptcy petition, 11 U.S.C. § 362(a) (the "Automatic Stay Provision") imposes a stay on the "commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [title 11], or to recover a claim against the debtor that arose before the commencement of the case under [title 11]." The Automatic Stay Provision is intended to "preserve what remains of the debtor's insolvent estate and . . . provide for a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *Chao v. BDK Indus., L.L.C.*, 296 B.R. 165, 167 (C.D. Ill. 2003) (citing *Holtkamp v. Littlefield*, 669 F.2d 505, 508 (7th Cir. 1982)). The applicability of the Automatic Stay Provision is a question of law. *See NLRB v. P*I*E Nationwide, Inc.*, 923 F.2d 506, 512 (7th Cir. 1991) (citation omitted).

Exceptions to the Automatic Stay Provision are listed in 11 U.S.C. § 362(b). One such exception, which the Secretary contends applies in this case, is "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police or regulatory power." 11 U.S.C. § 362(b)(4) (the "Government Proceeding Exception"). Courts narrowly construe this exception "to apply to the enforcement of . . . laws affecting health, welfare, morals and safety." *Matter of Cash Currency Exch., Inc.*, 762 F.2d 542, 555 (7th Cir. 1985) (citation omitted). In determining whether it applies, courts typically apply two tests: the "pecuniary purpose" test and the "public policy" test. *BDK Indus.*, 296 B.R. at 167 (citing *Chao v.*

---

[1] Even if this was a "core" proceeding, it would not follow that the Court lacks subject matter jurisdiction. *See Gecker v. Marathon Fin. Ins. Co., Inc. RRG*, 391 B.R. 613, 614 (Bankr. N.D. Ill. 2008) (although federal courts have original jurisdiction over all bankruptcy proceedings arising out of title 11, such cases are automatically referred to the bankruptcy court, and the district court may withdraw the reference, in whole or in part, any case or proceeding referred to the bankruptcy court for cause).

*Hospital Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001)).[2]

> Under the pecuniary purpose test, reviewing courts focus on whether the governmental proceeding relates primarily to the protection of the government's pecuniary interest in the debtor's property, and not to matters of public safety [or public policy]. Those proceedings which relate primarily to matters of public safety are excepted from the stay. Under the public policy test, reviewing courts must distinguish between proceedings that adjudicate private rights and those that effectuate public policy. Those proceedings that effectuate public policy are excepted from the stay.

*Id.* (quoting *Hospital Staffing*, 270 F.3d at 385-86).

### A. Public policy test

Courts have held that actions by the Secretary of Labor to enforce ERISA are "clearly intended to further an important public policy." *See In re Clifton*, 441 B.R. 44, 48 (E.D.N.C. 2010) (citing *Metzler v. Bennett*, No. 97-CV-0148, 1998 WL 187454, *4-5 (N.D.N.Y. Apr. 15, 1998); *see also Dole v. Hansbrough*, 113 B.R. 96, 98 (D.D.C. 1990) ("actions brought by the Secretary [of Labor] to enforce provisions of ERISA are actions to effectuate public policy, and incidental benefits from the enforcement of the Act should not convert such enforcement from one of public policy to one characterized as an adjudication of individual rights"). Indeed, the text of ERISA explains this important policy:

> The Congress finds that . . . the continued well-being and security of millions of employees and their dependents are directly affected by . . . [employee benefit] plans; that they are affected with a national public interest; . . . that owing to the lack of employee information and adequate safeguards concerning their operation, it is desirable in the interests of employees and their beneficiaries, and to provide for the general welfare and the free flow of commerce, that disclosure be made and safeguards be provided with respect to the establishment, operation, and administration of such plans; . . . and that it is therefore desirable . . . that minimum standards be provided assuring the equitable character of such plans and their financial soundness.

29 U.S.C. § 1001(a). Courts have consistently held that actions by the Secretary of Labor to enforce ERISA's provisions constitute an exercise of the "police and regulatory power" contemplated in the Government Proceeding Exception. *See Clifton*, 441 B.R. at 48-49 (relying on the language of 29 U.S.C. § 1001(a) in determining that the Secretary's action against debtor for breach of fiduciary duty under ERISA fell within § 362(b)(4)); *Dole*, 113 B.R. at 97 ("[C]ourts have uniformly held that an enforcement action by the Secretary of Labor under ERISA constitutes the exercise of 'police a regulatory power' within the meaning of § 362(b)(4), and that the automatic stay provision of § 362(a) does not apply.") (citing cases); *Chao v. Morris*, No. 06-1581, 2007 WL 91613, at *1-2 (D. Ariz. Jan. 11, 2007); *Chao v. Bennett*, No. 97-CV-0148, 2006 WL 1994838, at *1 (N.D.N.Y. July 14, 2006); *Metzler v. Bennett*, 1998 WL 187454 at *4-5; *Martin v. Friedman*, 133 B.R. 609, 611

---

[2] The Seventh Circuit has not adopted either of these tests, but district courts within the Seventh Circuit have applied them in cases involving the Government Proceeding Exception. *See In re Emerald Casino, Inc.*, No. 03-CV-05457, 2003 WL 23147946, at *5-9 (N.D. Ill. Dec. 24, 2003); *BDK Indus.*, 296 B.R. at 167-69.

(N.D. Oh. 1991); *Donovan v. Porter*, 584 F. Supp. 202, 206-07 (D. Md. 1984). Consistent with this authority, the Secretary's action against Caro in this case is in furtherance of effectuating the important public policy set forth in ERISA.

**B.     Pecuniary interest test**

"While it is somewhat 'elusive,' courts applying the pecuniary purpose test 'must look to what specific acts the government wishes to carry out and determine if such execution would result in an economic advantage over third parties in relation to the debtor's estate.'" *See Emerald Casino*, 2003 WL 23147946, at *8 (quoting *In re Ellis*, 66 B.R. 821, 825 (N.D. Ill. 1986)). Generally, "if the focus of the police power is directed at the debtor's financial obligations rather than the [government's] health and safety concerns, the automatic stay is inapplicable." *Id.* (quoting *Ellis*, 66 B.R. at 825).

Caro argues that the Secretary's action does not fit within the Government Proceeding Exeption because she is seeking money damages for alleged past violations and is seeking to adjudicate private rights. The Secretary, however, has no pecuniary interests in Caro's bankruptcy estate–rather, any amounts she recovers will inure to the benefit of the Plan. (R. 25, Resp. at 6.); *see Martin*, 133 B.R. at 611 ("The government is claiming no pecuniary interest in [the debtor's] property. Rather, the Secretary seeks to enforce [the debtor's] fiduciary duties to the employee benefit plan under ERISA, a manifestly public purpose.").[3] Although the outcome of this proceeding may affect private interests–namely, those of individual Plan participants–that fact does not prevent the application of the Government Proceeding Exception. *See BDK Indus.*, 296 B.R. at 168 (recognizing that actions by the Secretary of Labor often furthers both private and public interests, and noting that "[w]hen the private interests do not significantly outweigh the public benefit from enforcement," courts should recognize such actions as falling within the government's police and regulatory powers under § 362(b)(4)); *see also Dole*, 113 B.R. at 98 (rejecting the debtor's argument that the Secretary of Labor seeks to protect the government's pecuniary interests because "[a]lthough the Secretary seeks to adjudicate the rights of the Plan's beneficiaries, any monetary amounts recovered will benefit those beneficiaries, and not the government.").

Moreover, the Secretary's action is not "attempting to satisfy a debt outside of the bankruptcy process." *Emerald Casino*, 2003 WL 23147946, at *9. The Secretary's request for injunctive relief and a determination of restitution amounts that Caro owes as a result of alleged violations of ERISA is consistent with the Government Proceeding Exception, pursuant to which the government may obtain injunctive relief and a determination of the amount of damages the debtor owes, but may not enforce a damage award. *See P*I*E Nationwide*, 923 F.2d at 512 n.5; *see also* H.R. Rep. No. 595, 95th Cong., 2d Sess. 343, reprinted in 1978 U.S. Code Cong. & Admin. News 5963, 6299 ("where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay" and "the exception extends to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment"). Instead, the award is a claim in bankruptcy that must be adjudicated through the bankruptcy

---

[3] Contrary to Caro's suggestion, the Secretary's action would not fall outside § 362(b)(4) even if the Secretary could obtain a pecuniary benefit from the proceeding. *See Emerald Casino*, 2003 WL 23147946, at *8-9; *see also Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993) ("The fact that the sanction is entirely pecuniary does not take it out of section 362(b)(4)"). In *Emerald Casino*, the court held that a state's action to impose a pecuniary sanction on the debtor fell within § 362(b)(4) even though it would result in a "dramatic depletion of the debtor's estate," reasoning in relevant part that the state was exercising its regulatory and police power and was not attempting to "recover a debt outside of the bankruptcy process." *Id.* at *9.

process. *P\*I\*E Nationwide*, 923 F.2d at 512 n.5. The Secretary acknowledges as much when she states that she "will seek actual monetary recovery from Caro only in accordance with the bankruptcy process." (R. 25, Resp. at 8.)

### III.    The Bankruptcy Court Has Not Issued a Discharge

Caro argues that the Secretary's action violates the bankruptcy court's discharge injunction. A discharge in a bankruptcy proceeding "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). The bankruptcy court, however, has not issued a discharge in Caro's bankruptcy case. *See In re Caro*, Case No. 11-29162 (Bankr. N.D. Ill.) at R. 33, 34 (orders granting extension of time for Trustee to file objection to discharge pursuant to 11 U.S.C. § 727 until April 16, 2012). Therefore, the Secretary's action is not barred.

## CONCLUSION

For the reasons set forth above, the Court denies Defendant Caro's motion in its entirety.