# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6884 | **DATE** | 4/23/2012 |
| **CASE TITLE** | Solis vs. Caro, N.C. et al | | |

**DOCKET ENTRY TEXT**

The Court denies Defendant Caro's motion to dismiss the Secretary's Complaint as barred by the statute of limitations [19].

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant Nicholas C. Caro's ("Caro") motion to dismiss the Secretary's Complaint as barred by the statute of limitations. For the following reasons, the Court denies Defendant's motion.

## BACKGROUND

On September 30, 2011, Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor, (the "Secretary") filed a Complaint against Caro, N.C. Caro M.D., S.C. (the "Practice"), and the N.C. Caro M.D., S.C. Defined Benefit Plan (the "Plan"), alleging multiple violations of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.* (R. 1, Compl.) The Secretary's Complaint seeks injunctive relief to redress violations, restitution from the Plan's fiduciaries, including Caro, and other equitable relief. (*Id.*, Prayer for Relief.)

The Secretary alleges the following facts. The Plan is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3). (*Id.* ¶ 3.) The Practice, an Illinois corporation, created the Plan on January 1, 1999, and amended and restated it on May 29, 2007, retroactively effective as of January 1, 2007, to provide pension, disability, and death benefits to eligible employees. (*Id.* ¶¶ 3, 11.) At all relevant times, the Practice was the Plan's sponsor, the Plan's administrator, and a fiduciary of the Plan. (*Id.* ¶ 5.) Caro was the president and sole owner of the Practice, the Plan's sole trustee, a fiduciary of the plan, and a party-in-interest to the Plan. (*Id.* ¶ 6) Caro's wife, Patricia Caro, who is not a party to this litigation, was a party-in-interest to the Plan during the relevant time period. (*Id.* ¶ 9.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Between April 27, 2006 and February 29, 2008, Caro liquidated more than $263,951.00 from the Plan's investment accounts and transferred the money to accounts held in his own name, in his former medical practice's name, and in his wife's company's name. (*Id.* ¶¶ 13-18.) Instead of using the money to provide benefits to the Plan's participants or to pay Plan expenses, Caro used it to pay for the Practice's operating expenses and legal fees, among other things. (*Id.* ¶¶ 15-20.) The Secretary avers that in doing so, Caro breached his fiduciary duty.

On July 15, 2011, Caro filed for chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Illinois in Case Number 11-29162. (*Id.* ¶ 8.) On October 13, 2011, the Secretary filed an adversary complaint against Caro in that court, seeking to have Caro's debt to the Plan deemed non-dischargeable (the "Adversary Complaint"). *See Solis v. Caro*, Adv. No. 11-02088 (Bankr. N.D. Ill.) at R. 1.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation omitted). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also McCauley v. City of Chicago*, 671 F.3d 611, 616-17 (7th Cir. 2011).

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations omitted). "While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (motion to dismiss appropriate where "complaint plainly reveals that an action is untimely under the governing statute of limitations"); *but see Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004) ("because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)") (citation omitted); *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (it is "irregular" to dismiss a claim as untimely under Rule 12(b)(6)).

## ANALYSIS

In his motion, Caro argues that the Secretary failed to file her Complaint within the applicable statute of limitations set forth in ERISA § 413, 29 U.S.C. § 1113. ERISA provides that no action alleging breach of fiduciary duty under ERISA may be brought after the earlier of (1) six years after the date of the last action which constituted a part of the breach or violation, or in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation. *See* 29 U.S.C. § 1113. In the case of fraud or concealment, the action may be commenced no later than six years after the date the breach or violation is discovered. *Id.* According to Caro,

the Secretary did not file the Complaint within three years after she obtained actual knowledge of the transactions at issue in her Complaint, and therefore her Complaint is untimely under 29 U.S.C. § 1113(2).

The Seventh Circuit teaches that "actual knowledge" for purposes of 29 U.S.C. § 1113(2) means "knowledge of the 'essential facts of the transaction or conduct constituting the violation.'" *Rush v. Martin Petersen Co., Inc.*, 83 F.3d 894, 896 (7th Cir. 1996) (quoting *Martin v. Consultants & Admin., Inc.*, 966 F.2d 1078, 1086 (7th Cir. 1992)). Although it is "not necessary for a potential plaintiff to have knowledge of every last detail of a transaction, or knowledge of its illegality," it is not enough for a plaintiff to have "had notice that something was awry; he must have had specific knowledge of the actual breach of duty upon which he sues." *Martin*, 966 F.2d at 1086 (quoting *Radiology Ctr., S.C. v. Stifel, Nicolaus & Co.*, 919 F.2d 1216, 1221 (7th Cir. 1990)); *George v. Kraft Foods Global, Inc.*, 674 F. Supp. 2d 1031, 1041-42 (N.D. Ill. 2009) (citing *Martin*, 966 F.2d at 1086).

Caro attaches the following materials to his motion: (1) a Declaration, which he signed (the "Caro Declaration"); (2) a copy of the Adversary Complaint; 3) the Complaint in this action; and 4) a Declaration of Thomas J. Angell (the "Attorney Declaration"), who is an attorney with the Chicago law firm of Jacobs, Burns, Orlove, Stanton & Hernandez, attaching documents that Mr. Angell received from the United States Department of Labor pursuant to a Freedom of Information Act ("FOIA") request (the "FOIA Documents"). The Attorney Declaration was prepared for use in a separate case in which Caro's former employees sued him for violations of ERISA. *See Galanis v. N.C. Caro, M.D., S.C. Defined Benefit Plan*, No. 06-CV-01132 (E.D. Wisc.).

Caro submits that the FOIA Documents show that the Secretary had actual knowledge of the facts giving rise to her claims before September 30, 2008, which is three years before the date on which she filed the Complaint.[1] Specifically, Caro contends that the FOIA Documents include staff notes from February 22, 2006 stating that "Galanis stated she has reason to believe that [Caro] is being unethical in running the plan because of [a] discrepancy in calculations." (R. 19, Mot. at 3.) He also submits that the FOIA Documents contain an entry from August 31, 2006 stating that "[Galanis] stated she has reason to believe [Caro] has moved some of the plan's assets out of the pension fund; ladies who work in the office (who [Galanis] won't name because she wishes to protect them and their jobs) have stated they overheard [Caro] discussing this with his wife, and that he may have moved the monies into a new account of [sic] something." (*Id.*)

When ruling on a motion to dismiss under Rule 12(b)(6), a court generally may not consider materials outside of the plaintiff's complaint. *See Rosenblum v. Travelbyus.com*, 299 F.3d 657, 661 (7th Cir. 2002). Rule 10(c), however, provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." *Id.* (citing Fed. R. Civ. P. 10(c)). In the Seventh Circuit, this exception extends to a limited set of documents attached to a motion to dismiss. *Id.* Specifically, if the complaint refers to the documents and if they are central to the plaintiff's claim, the court may consider them on a Rule 12(b)(6) motion without converting it into a Rule 56 motion for summary judgment. *Id.* (citing *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). As the Seventh Circuit has observed, this exception is narrow and is "aimed at cases interpreting, for example, a contract." *Id.* (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

---

[1] Caro argues for the first time in his reply brief that the Secretary had constructive notice of the alleged violations. Arguments raised for the first time on reply are waived. *See Broaddus v. Shields*, 665 F.3d 846, 854 (7th Cir. 2011). Waiver notwithstanding, it is well-established that § 1113 "speaks solely in terms of *actual*, not constructive, knowledge." *Radiology Ctr.*, 919 F.2d at 1222 (citation omitted).

The FOIA Documents, and the other materials attached to Caro's motion (with the exception of the Complaint and the Adversary Complaint) were neither attached to nor referenced in the Secretary's Complaint, and therefore they do not fall within Rule 10(c)'s narrow exception. *See Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002) (documents attached to complaint or referred to therein fall within Rule 10(c)'s exception); *see also George*, 674 F. Supp. 2d at 1042 (excluding from consideration on a Rule 12(b)(6) motion to dismiss documents that were not referred to in the plaintiff's complaint); *Levenstein*, 164 F.3d at 347 (Rule 10(c) is "not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment"). Accordingly, the Court cannot properly consider them in connection with Caro's Rule 12(b)(6) motion to dismiss without converting it to a motion for summary judgment.[2] Although the Court has discretion to consider the materials and convert Caro's motion into a motion for summary judgment, *see Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009), the Court declines to do so here, where the parties are in the early stages of litigation and have not yet engaged in discovery. *See Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 922 (N.D. Ill. 1999) (converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment "seldom makes sense at the threshold stage of any litigation").

Having excluded from consideration the materials attached to Caro's motion to dismiss, the Court cannot dismiss the Secretary's Complaint pursuant to Rule 12(b)(6) unless "the allegations of the complaint reveal that relief is barred by the applicable statute of limitations." *Logan*, 644 F.3d at 582. The allegations in the Secretary's Complaint do not do so. The Complaint alleges that Caro breached his fiduciary duty by engaging in misconduct between April 27, 2006 and February 29, 2008, but it does not (1) contain the earliest date on which the Secretary knew of the essential facts of the conduct and transactions constituting the violations; or (2) allege that the Secretary knew the essential facts of the conduct and transactions constituting the violations before September 30, 2008, which is three years before the date on which the Secretary filed the Complaint. *See George*, 674 F. Supp. 2d at 1043 (denying a Rule 12(b)(6) motion to dismiss where the complaint did not allege the date on which the plaintiffs knew of the essential facts of the relevant conduct and transactions and did not allege that the plaintiffs acquired such knowledge more than three years prior to the filing of the complaint).

## CONCLUSION

For the reasons set forth above, the Court denies Defendant Caro's motion to dismiss.

---

[2] The Court may consider the Adversary Complaint, but the Adversary Complaint does not contain any information relevant to the Secretary's actual knowledge.